```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                                                         :
WASHINGTON MILLS APARTMENTS II,                                          :
LIMITED PARTNERSHIP,                                                     :         20 Civ. 4773 (PAE)
                                                                         :
                                 Plaintiff,                              :              ORDER
                                                                         :
                    -v-                                                  :
                                                                         :
IRONSHORE INSURANCE SERVICES, LLC,                                       :
                                                                         :
                                 Defendant.                              :
                                                                         :
------------------------------------------------------------------------ X
```

PAUL A. ENGELMAYER, District Judge:

On June 23, 2020, plaintiff filed the complaint in this case, asserting diversity of citizenship of the parties as the sole basis for federal jurisdiction. Dkt. 1. On review, it appears to the Court that plaintiff is a limited partnership ("LP") and defendant is a limited liability company ("LLC"). "[W]hen the citizenship of an LLC or LP is in question, a district court may not proceed to the merits without first determining whether it has subject-matter jurisdiction." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 619 (2d Cir. 2019); *see also Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990) ("[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power."). The citizenship of an LP is the citizenship of each of its general and limited partners, and the citizenship of an LLC is the citizenship of each of its constituent members. *See Handelsman v. Bedford Village Assoc. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998)); *see also DigitAlb, Sh.a v. Setplex, LLC*, 284 F. Supp. 3d 547, 560 (S.D.N.Y. 2018) ("[T]his Court cannot determine the citizenship of [defendant LLC]

1

because the Complaint does not set forth the citizenship of [its] members."). While the complaint here alleges that plaintiff is organized under the laws of Massachusetts, the complaint does not also allege the citizenship of the LP's general and limited partners. Similarly, while the complaint alleges that defendant is organized under the laws of, and has its principal place of business in, New York, the complaint does not also allege the citizenship of the LLC's members.

      Accordingly, to ensure that there is a basis for diversity jurisdiction, the Court directs counsel to file a letter that lists the citizenship of each of plaintiff's general or limited partners and each of defendant's members, by July 10, 2020.

      SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: June 24, 2020
       New York, New York